In the Matter of the Compensation of
Donald K. Shaw, Claimant.

SHAW,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(81-05922; A26071)
662 P2d 805

J. Michael Alexander, Salem, argued the cause for petitioner. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Claimant appeals the Workers' Compensation Board's order reversing the referee's award of increased permanent partial disability. The Board found that the referee lacked jurisdiction. We conclude that the referee had jurisdiction and reverse and remand to the Board to review the referee's award on the merits.

Claimant was employed by the Oregon Department of Commerce, Building Codes Division, as an electrical inspector. As part of his employment he was required to drive from 2,500 to 3,000 miles each month to perform inspections. On June 2, 1978, he suffered injuries when the state vehicle he was driving collided with another vehicle on the highway. He suffered facial lacerations, a facial bone fracture, laceration of the left wrist and damage to his left shoulder, back and right knee. In addition to experiencing particular problems with his right knee, he developed a psychological problem diagnosed as a driving phobia. He received surgery on his knee and psychotherapy for his neurosis.

On July 14, 1980, a determination order was issued awarding temporary total disability from June 2, 1978, through June 2, 1980, and 30 degrees permanent partial disability for loss of the right leg. On August 15, 1980, a second determination order was issued, rescinding the first order and reopening the claim. On October 28, 1980, a third determination order closed the claim a second time, awarded temporary total disability for the period June 2, 1978, through August 1, 1980, and for September 10, 1980, and awarded the same permanent partial disability as the first determination order, that is, 30 degrees for loss of the right leg.

Claimant returned to work on August 1, 1980, and worked until November, 1980, but continued to experience problems, primarily psychological, when driving. He took a leave of absence beginning in November, 1980, and has not returned to work.

On November 28, 1980, claimant wrote the Workers' Compensation Department, Evaluation Division, requesting reconsideration of the October 28, 1980, third determination order. He stated that he was "dissatisfied with the determination that has been made with regard to my knee. However, I

will pursue this at a later time." Claimant was advised that the medical opinions in the file at the time the third determination order was issued showed his condition was medically stationary and that a request for reconsideration must provide additional medical information that was not available at the time the determination order was issued. The Workers' Compensation Department letter also advised that, because claimant's letter "indicates on-going problems with the inability to continue working, we suggest you contact your doctor or your insurer about possible reopening of your claim."

On June 24, 1981, claimant retained his present attorneys to handle his workers' compensation claim. On June 25, 1981, his attorney wrote to the Board's Hearing Division:

> "This claim was closed by Determination Order of July 14, 1980, which was followed by a Determination Order dated August 15, 1980. Claimant disagrees with both Determination Orders and is accordingly requesting a hearing. The issue to be resolved at the hearing is the extent of permanent partial disability, and in addition claimant contends that he should have been awarded permanent partial disability for a psychiatric condition which he has developed as a direct result of the industrial accident of June 2, 1978."

Although the third determination order had been received by claimant in November, 1980, his attorney was unaware of it until he received a copy just prior to the hearing in January, 1982.

SAIF argues that the referee lacked jurisdiction to hear objections to the third determination order because claimant's attorney, in his request for a hearing, referred only to the first and second determination orders, and not to the third order. SAIF maintains that the controlling statute is ORS 656.319(2), which provides:

> "With respect to objections to a determination under ORS 656.268 (3), a hearing on such objections shall not be granted unless a request for hearing is filed within one year after the copies of the determination were mailed to the parties."

Claimant argues that the request for hearing of June 25, 1981, was filed within the one-year period required by ORS 656.319(2). The issue, he argues, is only the sufficiency of the request.

One of the objectives of the Workers' Compensation Law, as provided in ORS 656.012(2)(b), is

> "[t]o provide a fair and just administrative system for delivery of medical and financial benefits to injured workers that reduces litigation and eliminates the adversary nature of the compensation proceedings, to the greatest extent practicable * * *."[1]

We interpret ORS 656.319, therefore, in a manner consistent with the legislative declaration to eliminate "the adversary nature of the compensation proceedings, to the greatest extent practicable."

Here claimant's request for a hearing followed all three determination orders within one year of their issuance. The third determination order provided the same permanent partial disability as the first one. There is no claim of surprise, which would have provided a basis for continuance. OAR 436-83-200. The issues are clearly raised by claimant's June, 1981, request for a hearing, quoted above. Claimant's objections to the third determination order are the same as those to the first and second. In the light of the declared purposes of the Workers' Compensation Law, we find that claimant's request for a hearing was timely filed and sufficient to raise objections to the third determination order.[2]

The Board based its decision denying jurisdiction principally on a statement of claimant's counsel at the hearing:

---

[1] The administrative rules of the Board also provide that its policy is "to expedite claim adjudication and amicably dispose of controversies. These rules shall be liberally construed in favor of the injured worker to carry out the remedial and beneficent purposes of the Workers' Compensation Law." OAR 436-83-020.

[2] We also note that ORS 656.283(2) provides:

> "A request for a hearing may be made by any writing, signed by or on behalf of the party and including the address of the party, requesting the hearing, stating that a hearing is desired, and mailed to the board."

OAR 436-83-200 provides that:

> "In addition to the statutory requirements of ORS 656.283, the request for hearing shall state the issue(s) to be resolved. Failure to state an issue may be grounds for continuance if the adverse party is surprised thereby."

Claimant's request for a hearing complied with both ORS 656.283(2) and the rule just quoted. If claimant's request for a hearing had made no reference at all to the first and second determination orders, it would clearly have been sufficient.

> "So I think it goes without saying, I can clearly state for you we did not appeal within a year any October 28, 1980, determination order."

The Board concluded that the statement of counsel amounted to an admission that there was no jurisdiction in the referee to hold a hearing on objections to the third determination order. We disagree. Counsel's statement, when read in context of his entire statement, clearly is not an admission that the referee lacked jurisdiction. To the contrary, counsel's full statement asserts that the referee had jurisdiction to proceed on claimant's objections to the third determination order.

We hold that the Board erred in finding that the referee lacked jurisdiction to consider the third determination order and reverse and remand to the Board to review the referee's award on the merits.[3]

Reversed and remanded for review on the merits.

---

[3] Although not necessary to the result here, we also note that ORS 656.319(2) on which SAIF relies is of uncertain applicability. All the determination orders were made pursuant to ORS 656.268(4), not ORS 656.268(3). When the legislature amended ORS 656.268 in 1979, Or Laws 1979, ch 839, § 4, it added to ORS 656.268 the present subsection (3) and renumbered the prior subsection (3) to be what is now substantially the present subsection (4). It did not amend ORS 656.319(2) to change the reference therein to ORS 656.268(3). By its terms ORS 656.319(2), therefore, does not apply to the third determination order. ORS 656.268(6), which is clearly applicable, provides:

> "The Evaluation Division shall mail a copy of the determination to all interested parties. Any such party may request a hearing under ORS 656.283 on the determination made under subsection (4) of this section within one year after copies of the determination are mailed."

This section does not contain the recitation in ORS 656.319(2) that "a hearing on such objection shall not be granted unless" a request is timely filed. The language of ORS 656.268(6) is permissive and is not inconsistent with our decision.